IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFORD M. HOLMES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:04-cv-252-DGW |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the Complaint filed by the Plaintiff, Alford M. Holmes, Jr., on April 15, 2004 (Doc. 1). For the reasons set forth below, the final decision of the Commissioner of Social Security denying benefits is **AFFIRMED** and this matter is **DISMISSED WITH PREJUDICE.**

### BACKGROUND

**Procedural History**

On December 19, 1995, the Plaintiff's mother, Catina Holmes, filed the first application for Supplemental Security Income for the Plaintiff based on an onset date of September 6, 1992, the date that the Plaintiff was born (Tr. 297). The claim was initially denied on April 6, 1996 (Tr. 288) and upon reconsideration on May 10, 1996 (Tr. 282). Upon the Plaintiff's request, a hearing was held on July 28, 1997 (Tr. 385). Subsequent to the hearing, ALJ Raymond W. Gliva issued an unfavorable decision on April 22, 1998 (Tr. 27-44). The Plaintiff requested review of this decision on June 26, 1998.

On August 13, 1998, Catina Holmes again applied for Supplemental Security Income for the Plaintiff based on the same onset date (Tr. 93). The claim was denied initially on October 9, 1998 (Tr. 57) and upon reconsideration on December 31, 1998 (Tr. 62). Upon request, a hearing

held on April 21, 1999 (Tr. 28, 401).  ALJ Cynthia M. Bretthauer issued an unfavorable decision on May 19, 1999 (Tr. 49-54).

On July 7, 2001, however, the Appeals Council remanded this case to the ALJ for further proceedings (Tr. 88-89).  The order made clear that it was vacating and remanding both the April 22, 1998 and the May 19, 1999 decisions (Tr. 88).  The order stated that the two decisions "are inconsistent on the issue of the claimant's intellectual status and must be resolved" (Tr. 88).  Upon remand, a hearing was held on March 26, 2002 (Tr. 25).  ALJ Raymond W. Gliva issued the third unfavorable decision on April 23, 2004 (Tr. 16-24).  The Appeals Council then denied review on February 27, 2004 (Tr. 5).  This constitutes the final decision of the agency.

**Medical History**

The Plaintiff is claiming benefits based on a behavioral/learning disorder, most notably, Attention Deficit/Hyperactivity Disorder ("ADHD").  There is no evidence of any physical infirmity.  Therefore, the record contains, in addition to medical documents, various reports from the schools that the Plaintiff attended.

The Plaintiff was first diagnosed with ADHD in 1995 (Tr. 196).  On March 19, 1996, the Plaintiff (who was 3 and a half years old) was evaluated by Dr. Bruce Amble who performed a number of psychological tests  (Tr. 238).  Dr. Amble concluded that the Plaintiff "shows a pattern of borderline to mild mental retardation in terms of general aptitude.  He is observed to be mildly hyper and distractible and impulsive. . ." (Tr. 240).  Dr Amble found that the Plaintiff's Performance Scale I.Q. was 67, his Verbal Scale I.Q. was 75, and his Full Scale I.Q. was 68 (Tr. 238).  Dr. Amble also indicated that ADHD would have to be ruled out (Tr. 240).  The Plaintiff began counseling sessions on March 10, 1997 after being evaluated by Julie

Hileman of the Delta Center, Inc. (Tr. 196).

The Plaintiff underwent another psychological evaluation on May 5, 1998 that was performed by Carole Holcomb, an intern under the direction of Psychologist Dr. Eugene Jacobs (Tr. 245). The Plaintiff was observed as being impulsive, defiant, lacking in caution inhibitors, anxious, distractible, and in constant motion (Tr. 243). Ms. Holcomb recommended that the Plaintiff's "ADHD symptoms and oppositional behaviors need to be addressed through possible medical intervention and counseling with proximity in the classroom to the teacher" (Tr. 245). Thereafter, the Plaintiff was prescribed Ritalin on August 13, 1998 (Tr. 198, 209).

On September 24, 1998, the Plaintiff was evaluated by an Agency psychologist, Dr. L. Hudspeth (Tr. 185). Dr. Hudspeth, after examining the Plaintiff and reviewing records from his school, opined that the Plaintiff had a history of ADHD but that his impairment was not so severe as to meet or equal a listing (Tr. 188).

The Plaintiff again was evaluated by an Agency doctor, Donald Henson, on December 10, 1998 (Tr. 233). Dr. Henson, after reviewing the Plaintiff's medical records, reported that the Plaintiff was diagnosed with ADHD and was taking Ritalin (Tr. 236). Dr. Henson opined that when the Plaintiff took his medication, his condition was not so severe as to meet or equal a listing (Tr. 236).

The Plaintiff was tested by Dr. James W. Whisenhunt, a clinical psychologist on October 19, 2001. Dr. Whisenhunt reported a Verbal Scale I.Q. of 74, a Performance Scale I.Q. of 81, and a Full Scale I.Q. of 76 (Tr. 273). With respect to the Plaintiff's performance, Dr. Wisenhunt noted that the Plaintiff was initially "responsive and controlled" but that he became inattentive at the tests progressed (Tr. 272). The Plaintiff also had to be directed and then redirected to stay on

task (Tr. 273).  Dr. Wisenhunt placed his intellectual functioning at the borderline to low average range (Tr. 274).

As indicated above, the record is replete with documents from the Plaintiff's teachers and school.  His pre-kindergarten teacher noted that the Plaintiff had problems with attention and concentration that were typical of a three year old (Tr. 332).  His kindergarten teacher noted no significant issues with concentration and attention and indicated that he was doing "just fine" (Tr. 131).  By the second grade, the Plaintiff was reported as having "adequate" communication skills, average intelligence, that he is "out of control" when not on his medication, that he has delays in visual motor skills, and social difficulties (Tr. 165).  There is no indication in the record that the Plaintiff has missed any grade levels.

## DISCUSSION

**Standard of Review**

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence.  42 U.S.C. §405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . . ."); Golembiewski v. Barnhart, 322 F.3d 912, 915 (7th Cir. 2003); Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir. 2001); See also White v. Barnhart, 415 F.3d 654, 659 (7th Cir. 2005) (stating that "the reviewing court is not allowed to substitute its judgment for the ALJ's by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility" (quotation marks and citation omitted).  Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept to support such a conclusion."  Richardson v.

Perales, 402 U.S. 389, 401 (1972) (quoting Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938)). See also Sims v. Barnhart, 309 F.3d 424, 428 (7th Cir. 2002); Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ's decision must be affirmed if the findings are supported by substantial evidence and if there have been no errors of law. Golembiewski, 322 F.3d at 915; Cannon v. Apfel, 213 F.3d 970, 974 (7th Cir. 2000). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." Lopez ex. rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003).

Supplemental insurance benefits for children are governed, in part, by the requirements of 20 C.F.R §§ 416.906, 416.924, 416.924a, 416.924b, and 416.925, 416.926. The Commissioner finds a child disabled if she is not working and has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 month." 20 C.F.R §416.906. Thus, the Commissioner employs a three step process depending on the answers to the following questions:

> 1. Is the claimant doing any substantial gainful activity? If yes, then the claimant is found to be not disabled and the inquiry ends. If yes, then the next question is considered;
>
> 2. Does the claimant have an impairment or combination of impairments that is severe? If no, the inquiry ends and the claimant is not found to be disabled. If yes, then the next question is considered;
>
> 3. Do the impairments meet, medically equal, or functionally equal the listings for the required duration? If no, then the inquiry ends and the claimant is not found to be disabled. If yes, then the claimant is found to be disabled.

20 C.F.R. §416.924(a).

**Compliance with the Appeals Council Order**

The Plaintiff first argues that ALJ Glika failed to comply with the July 7, 2001 order by the Appeals Council which remanded the case for further proceedings. In the Appeals Council order, the ALJ was directed to:

> ○Further evaluate the claimant's mental condition in accordance with the regulations (20 CFR 416.924 and 925) and provide rationale on whether the claimant's condition medically meets, equals or functionally equals a listed impairment.
>
> ○Obtain additional evidence concerning the claimant's intellectual status in order to complete the administrative record in accordance with the regular standards regarding consultative examinations and existing medical evidence (20 CFR 416.912-913). The additional evidence will include, if available, a consultative mental status examination with intelligence testing and medical source statements about the claimant's functional abilities.
>
> ○Obtain evidence from a medical expert to clarify the nature and severity of the claimant's mental impairments (20 CFR 416.927(f) and Social Security Ruling 96-6p) and whether the claimant's impairments meet or medically equal or functionally equal the severity of an impairment listed in Appendix 1, Subpart P, regulations No. 4.

(Tr. 88-89).

These directions were imposed because the Appeals Council found that there was a discrepancy in the treatment of Dr. Amble's assessment of the Plaintiff by two ALJ opinions. In the April 22, 1998 opinion, ALJ Gliva gave Dr. Amble's I.Q. assessment weight; however, he (ALJ Gliva) found that the Plaintiff did not meet the Listings because there were no additional impairment as required by Listing 112.05 (Tr. 40). On the other hand, in the May 19, 1999 opinion, ALJ Bretthauer gave no weight to Dr. Amble's assessment of mild mental retardation because there

was no further evidence of any mental retardation (Tr. 51). The Appeals Council noted that the two decisions "are inconsistent on the issue of the claimant's intellectual status and must be resolved" (Tr. 88). The Plaintiff states that the ALJ Gliva, in his subsequent consideration of the Plaintiff's claim, failed to comply with the directive of the Appeals Council by failing to require a "medical source statement about the plaintiff's functional abilities" (Pl. Brief at p. 5).

Pursuant to 42 U.S.C. §405(g), judicial review is limited to the "final decision of the Commissioner of Social Security made after a hearing . . . ." This review is further limited in scope to a consideration of whether the decision Commissioner is supported by substantial evidence and contains no error of law. In this case, after the Plaintiff's claim was remanded by the Appeals Council on July 7, 2001 and given *de novo* treatment by ALJ Glika on April 23, 2002, the Appeals Council denied subsequent review and "concluded that there is no basis under the above regulations for granting your request for review" (Tr. 5). This conclusion was made after the Plaintiff made the very same argument he makes here: that ALJ Glika failed to comply with the Appeals Council order (Tr. 7-9). Presumably, the Appeals Council is in the best position to know whether an ALJ has complied with its orders. By denying review and specifically concluding that the Plaintiff's arguments "do not provide a basis for changing the Administrative Law Judge's decision" the Commissioner found no error in ALJ Glika's ability to follow directions (Tr. 5).

Given this history, the Defendant argues that review by this Court is limited to a finding that the ALJ's decision was supported by substantial evidence and contains no error of law. The Plaintiff has provided no authority that would allow this Court to go beyond this type of review and determine whether ALJ Gliva complied with an Appeals Council order. This Court also has

7

found no direction from the Seventh Circuit Court of Appeals that would allow for this type of review. Nevertheless, 20 C.F.R. §404.977(b) provides that "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." The Appeals Council here stated that the ALJ shall obtain additional evidence "if available" including "medical source statements about the claimant's functional abilities" (Tr. 89). During the hearing, the Plaintiff requested that ALJ Glika obtain a "mental RFC" from Dr. Wisenhunt (who saw the Plaintiff on October 19, 2001) (Tr. 464). ALJ Glika declined and indicated that such an evaluation is "unnecessary" (Tr. 464). The Plaintiff argues that such an assessment was necessary because Dr. Tom Wagner, who testified as an expert, indicated that it would be "helpful" information to have in order to assess the severity of the Plaintiff's impairments (Tr. 463). Notwithstanding the lack of this type of information, Dr. Wagner testified that the Plaintiff has less than marked limitations in the various categories used to determine whether the Plaintiff's condition functionally equals the Listings (Tr. 456-460).[1]

And yet, throughout Dr. Wagner's testimony, he stated that additional information would be helpful and that he is "less comfortable" in providing a severity analysis (Tr. 455-457). It is clear that ALJ Glika had an obligation to develop a full and fair record, especially in light of the Appeals Council remand order and expert Wagner's own reluctance in providing an unequivocal

---

[1] As indicated above, the Commissioner found that the Plaintiff's impairments did not meet a Listing. Therefore, the next determination is whether he medically equals or functionally equals the Listings. In this case, the question was whether the Plaintiff functionally equals the Listings. This determination is made by considering whether the Plaintiff has marked or extreme limitations in 6 domains of social functioning outlined in 20 C.F.R. §416.926a. See Keys v. Barnhart, 347 F.3d 990, 994 (7th Cir. 2003).

opinion.  See Smith v. Apfel, 231 F.3d 433, 437 (7th Cir. 2000).  However, remanding this case for this error would be futile.  Before this Court are three ALJ opinions each indicating that the Plaintiff is not entitled to benefits.  ALJ Glika, in the most recent opinion went through each of the domains that are analyzed in determining whether the Plaintiff has marked or severe functional limitations (Tr. 20-21).  ALJ Glika not only relied on Dr. Wagner's opinion, but also relied on evidence submitted from the Plaintiff's teachers regarding his functioning, the Plaintiff's testimony, and the observations of Dr. Whisenhunt when he evaluated the Plaintiff.  The Plaintiff takes no issue with ALJ Glika's conclusions and only argues that a formal medical source statement of the Plaintiff's functional limitations is required.  At this point, such a requirement would be form over substance.  See Kendrick v. Shalala, 998 F.2d 455 (7th Cir. 1993).  The Plaintiff has made no showing that the failure to provide for such a statement would lead to a reversal of the Commissioner's decision.  Indeed, the Plaintiff makes no argument that the Commissioner's decision was not supported by substantial evidence.  While it was error for ALJ Glika to fail to comply with the Appeals Council's directive, such an error was harmless.  See generally, Skarbek v. Barnhart, 390 F.3d 500, 504 (7th Cir. 2004) (noting that the failure of an ALJ to specifically consider an impairment does not necessarily lead to remand on that issue); See also Keys, 347 F.3d at 994-995 (applying the doctrine of harmless error to judicial reviews of agency decisions).

**Additional Evidence**

The Plaintiff's second argument is that this case should be remanded because the Plaintiff was recently awarded disability benefits with an onset date of January 1, 2003.  This award comes 8 months after the final decision of the Commissioner that is the basis of this case.

Attached to the Plaintiff's brief is a letter from the Social Security Administration dated October 22, 2004 that states that the Plaintiff applied for benefits on November 28, 2003 and that his disability onset date is January 1, 2003. (Pl. Ex. A). Sentence 6 of §405(g) provides that this Court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." Instead of "showing that there is new evidence which is material," the Plaintiff states that the new evidence is unavailable at this point in time. The Plaintiff has failed to meet his burden.

The Plaintiff offers conjecture that "no apparent intervening medical change" resulted in the finding of disability beginning on January 1, 2003. In order for this Court to remand this matter based on the Plaintiff's argument, there must be a *showing* that there is new evidence that "was not in existence or available to the claimant at the time of the administrative proceeding." Schmidt v. Barnhart, 395 F.3d 737, 741-742 (7th Cir. 2005) (citation and quotation marks omitted). In addition, "[n]ew evidence is material if there is a reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered." Id. (quotation marks and citation omitted). The Plaintiff has made no showing that any evidence is material to this case as there has been no showing of any evidence that concerns the relevant time period, from December 19, 1995 to April 23, 2002. See Id. at 742-743; Johnson v. Apfel, 191 F.3d 770, 776 (7th Cir. 1999). That is, there is no showing that any new evidence, whatever that may be, would have changed the ALJ's decision in this case. That the Commissioner has decided to give the Plaintiff benefits based on a new onset date does not mean that it is

reasonably probable that he would now confer benefits based on the earlier onset date.[2]  This argument, then, is without merit.

## CONCLUSION

For the foregoing reasons, the final decision of the Commissioner of Social Security denying benefits is **AFFIRMED** and this matter is **DISMISSED WITH PREJUDICE.**


**DATED: September 27, 2005**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**

---

[2] The Plaintiff's argument that the procedures used in a Federal Rule of Civil Procedure 60(b) motion warrants remand is misplaced.  It is clear from the case cited by the Plaintiff, Howard v. Commissioner of Social Security, 276 F.3d 235, 243 (6th Cir. 2002), and the cases that Howard cites, Jones v. Sullivan, 949 F.2d 57, 60 (2nd Cir. 1991) and Goerg v. Schweiker, 643 F.2d 582, 583-84 (9th Cir. 1981), that the Appeals Court was referring to an instance where the Plaintiff was seeking remand to the *District Court* and not the Social Security Administration after presenting new evidence to the Appeals Court.  That is, a Plaintiff in each of the cases presented new evidence to the Appeals Court which then stated that the Plaintiff should follow the procedures governing Rule 60(b) motions and should present their new evidence arguments to the District Court (which would then determine whether the matters should be remanded to the agency).  None of these cases stand for the proposition that, at this stage in the proceedings, the requirement of section 405(g) governing the Plaintiff's burden and the requirements of newness and materiality should be ignored.  As such, the Plaintiff's argument in this respect is without merit.